**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLAND INC, | No. 12-35544 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05889-BHS |
| v. | |
| LEO H LONG, Jr.; THOMAS C LONG, | AMENDED MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| ASHLAND INC, | No. 12-35775 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-05889-BHS |
| v. | |
| LEO H LONG, Jr.; THOMAS C LONG, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted February 3, 2014
Seattle, Washington

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

The district court did not err by concluding that the phrase "Atlas Foundries Division (the 'Foundry Business')" in the Purchase and Sale Agreement is ambiguous. Under Washington law a court may permissibly consider "all the circumstances surrounding the making of the contract" to determine the parties' mutual intent as expressed in the contract, *Hearst Communications, Inc. v. Seattle Times Co.*, 115 P.3d 262, 266 (Wash. 2005) (citing *Berg v. Hudesman*, 801 P.2d 222, 228 (Wash. 1990)), so long as the evidence does not "vary, contradict or modify the written word," *Hollis v. Garwall, Inc.,* 974 P.2d 836, 843 (Wash. 1999). The district court's factual finding based on this evidence – that the parties did not intend the defendants to assume the liabilities of the Long Foundry, other than the lease – is not clearly erroneous. Accordingly, the defendants had no duty to indemnify Ashland.

The district court correctly concluded that the parties' agreement did not "specifically provide[]" for an award of attorney's fees to either party, and therefore an award of attorney's fees was inappropriate. *See* Wash. Rev. Code § 4.84.330; *Bartlett v. Betlach*, 146 P.3d 1235, 1239 (Wash. Ct. App. 2006). Because the district court did not reach the issue of costs, we remand for the district court to consider whether the defendants are entitled to their costs.

Each side shall bear its own costs of appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED**.